### HEALEY *et al. v.* BAUER.

*(Supreme Court, General Term, Second Department. July 22, 1892.)*

EVIDENCE—JOURNAL ENTRIES.

Defendant sold a lot, taking a mortgage for the entire purchase money from the grantee, who commenced the erection of buildings thereon, and then reconveyed to defendant. *Held,* in an action by the builder for labor and materials furnished before the reconveyance, that journal entries made by plaintiff's deceased clerk shortly before the suit was commenced, and some months after the work was done, were not proper evidence against defendant.

Appeal from judgment on report of referee.

Action by James I. Healey and Jacob F. Healey against Moritz Bauer. From a judgment entered on the report of a referee in favor of plaintiffs, defendant appeals. Reversed.

Argued before BARNARD, P. J., and CULLEN, J.

*Guggenheimer & Untermyer,* (*Maurice Untermyer,* of counsel,) for appellant. *Francis C. Devlin,* for respondents.

BARNARD, P. J. The plaintiffs seek to recover of the defendant for work and labor and materials furnished by them to the defendant at his request. The proof tended to establish the fact that Bauer sold a lot of land to one Emench, and took a mortgage back for the whole purchase money; that Emench started to erect houses on the land, and before they were completed reconveyed the property to defendant. The plaintiffs produced evidence tending to show that the defendant at the reconveyance, and as part of the consideration, promised to pay the plaintiffs for that portion of the work done before the conveyance by Emench to defendant. The defendant denied this statement. The plaintiffs produced a book in which an entry was made by Mr. Roberts, a deceased employe of plaintiffs. The book was a journal in which the plaintiffs made their charges for work done and materials furnished. The book was received in evidence against the objection and exception of the defendant, and there was read from it as follows:

"BROOKLYN, Jany. 20th, 1882.

"Mr. Bauer, ironwork for houses on 86th St., ironwork as per contract for stores corner of Third avenue, 69th & 70th Sts., $4,000. Extra work for Third Ave., 69th & 70th Sts., as follows: Extra vault, light in front, $784; extra railing on two walls, $252; extra railing on two gable ends, $24; extra window guards, two gable ends, $68; extra cellar door bars, $18; extra drilling columns, and other work, $4; extra door saddles, $36; total, $5,577. By flue, rings, and covers, not finished, $21,—$5,456."

The evidence showed that one of the defendant's counsel asked the plaintiffs to produce the book, and he examined it before it was offered in evidence. The evidence was improperly received. *Smith* v. *Rentz,* (N. Y. App.) 30 N. E. Rep. 54. The entry was not made in the book until shortly before the action was commenced, and some months after the work was done. The judgment should therefore be reversed, and a new trial granted, costs to abide event.